# CHARLES M. CANNON AND OTHERS v. MINNEAPOLIS & ST. LOUIS RAILROAD COMPANY AND ANOTHER.[1]

April 27, 1917.

Nos. 20,103—(34).

**Physician and surgeon.**

Action for professional services rendered by physicians to a laborer not employed by defendant company. The man was injured in attempting to climb through defendant's freight train standing at a street crossing, and the conductor of the train asked the man's foreman if he would get a doctor. There was no evidence that plaintiffs knew by whom they were called. *Held:* The finding of the court that the services were not rendered upon the request, either expressed or implied, of defendants, was supported by the evidence. [Reporter.]

Action in the municipal court of St. Paul to recover $109.99 for services rendered by plaintiff physicians to one John Curran. The answer was a general denial. The case was tried before Finehout, J., who made findings and ordered judgment in favor of defendant. From an order denying their motion for a new trial, plaintiffs appealed. Affirmed.

*Charles M. Brewer* and *Harry S. Locke*, for appellants.

*W. H. Bremner, F. M. Miner* and *Eugene Bryan*, for respondent.

PER CURIAM.

Plaintiffs sued for professional services and hospital care rendered one John Curran upon the request of defendants. The court found that the services and care were not rendered upon the request, either expressed or implied, of the defendants. This appeal challenges that finding. We have examined the evidence and discovered no basis therein for the claim that the court should have or could have found otherwise than was done. The

[1]Reported in 162 N. W. 355.

foreman and crew of laborers of the Great Northern Railway, in leaving their work to go home, came to a crossing whereon a freight train of the defendant railway company was standing. The defendant Forgy was the conductor in charge of the train. The foreman and laborers mentioned, one of whom was John Curran, tired of waiting, climbed over or passed through the train about the same time it started to move. On looking back the foreman saw Curran come out from the train, bleeding from an ugly scalp wound, and immediately went to see how badly he was hurt. Forgy also came up to him for the same purpose. The foreman noticed that Curran was dazed from the injury. Both he and Forgy undoubtedly realized that the man needed medical attention, and Forgy asked the foreman if he would get a doctor for him. He answered that he would, and started off with Curran. The injured man was taken to the foreman's home. Then he directed his children to take him to a drug store, and call one of plaintiffs. This was done. The record fails to show that plaintiffs knew at whose direction the call came, or that they made any inquiry as to defendants' connection with the injury, or had any knowledge of any desire on the part of defendants that Curran should receive care or treatment. Curran was an able bodied laborer, and the one who furnished him with needed medical attention would presumably look to him alone for pay. There is no intimation that either of defendants was in any way to blame for Curran's injury, or that plaintiffs so thought when the treatment and care were rendered, hence no obligation rested upon them to reimburse plaintiffs. Curran was neither a passenger nor employee of the defendant railroad company, and Forgy was not authorized to employ a doctor to treat his injuries under the rule of the company offered in evidence by plaintiffs. To charge defendants it was necessary to show, either that they were under some obligation to furnish Curran with medical attention, or that plaintiffs rendered the same in reliance upon a request of defendants to become responsible therefor. The evidence suggests nothing in that direction. What Forgy did was no more than a personal kindness to Curran.

Order affirmed.